UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| RANDALL TURNER | ] | |
| --- | --- | --- |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:15-0804 |
| | ] | Judge Trauger |
| DERRICK SCHOFIELD, et al. | ] | |
| Defendants. | ] | |

**O R D E R**

The Court has before it a *pro se* prisoner Sealed Motion for Preliminary Injunction (Docket Entry No. 1) and an application to proceed in forma pauperis (Docket Entry No. 5).

It appears from the application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the Motion. Accordingly, plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust

account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff seeks a preliminary injunction requiring all "security threat groups" at the South Central Correctional Center to be placed on administrative segregation.

A preliminary injunction is an extraordinary remedy that should only be granted if the plaintiff carries his burden of proving that the circumstances clearly demand it. Overstreet v. Lexington-Fayette Urban County Gov't, 305 F.3d 566, 573 (6th Cir. 2002). The grant or denial of a preliminary injunction is a matter within the sound discretion of the district court. Virginia Railway Co. v. System Federation, R.E.O., 300 U.S. 515, 551 (1937).

In determining whether to issue a preliminary injunction, the Court must consider four factors: (1) whether the plaintiff is likely to succeed on the merits, (2) whether the plaintiff is likely to suffer irreparable harm in the absence of injunctive relief, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. Winter v. National Resource Defense Council, 555 U.S. 7, 20 (2008). Although no single factor is controlling, the likelihood of success is often the predominant consideration. Gonzales v. National Board of Medical Examiners, 225 F.3d 620, 625 (6th Cir. 2000).

The plaintiff has not identified specific individuals that would qualify as "security threat groups". Nor has he alleged any specific threat of individualized harm should he not be granted

injunctive relief. Thus, it does not appear likely that the plaintiff would prevail on the merits. Moreover, injunctive relief in this instance would not only embroil the Court in the day-to-day management of the South Central Correctional Center, but could negatively impact the important public policies of comity and federalism. *See* Dean v. Coughlin, 804 F.2d 207, 213 (2d Cir. 1986).

Accordingly, the plaintiff's Sealed Motion for Preliminary Injunction is DENIED and the instant action is hereby DISMISSED. 28 U.S.C. § 1915(e)(2). An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is NOT certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505) or submit a new application to proceed in forma pauperis with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

The Clerk is directed to send a copy of this order to the Warden of the South Central Correctional Center to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge